IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TREVORIS SUMLER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | 2:16-cv-8116-LSC |
| | ) | (2:14-cr-286-LSC-JHE) |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OF OPINION**

Trevoris Sumler ("Sumler") has filed with the Clerk of this Court a motion pursuant to 28 U.S.C. § 2255 and a brief in support of same. (Docs. 1 & 2.) The Government has responded in opposition to the motion. (Doc. 6.) For the reasons that follow, the motion is due to be denied.

**I.    Background**

Sumler pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). This Court sentenced Sumler to a term of 51 months' imprisonment. Judgment was entered on March 4, 2015. Sumler did not appeal, but filed the instant motion on June 28, 2016.

**II.   Discussion**

Sumler asserts that he received a specific-offense enhancement under U.S.S.G. § 2K2.1(b)(4) because he "sustain[ed] two felony convictions for crime[s] of violence . . . pursuant to U.S.S.[G]. § 4B1.2(a)." (Doc. 2 at 2.) He then relies on the recent decisions, *United States v. Welch*, 136 S. Ct. 1257 (2016), and *Johnson v. United States*, 135 S. Ct. 2551 (2015), pertaining to the "violent felony" definition of the Armed Career Criminal Act ("ACCA"), to contend that he is entitled to a resentencing. Presumably he argues that since *Johnson* held that the residual clause of the "violent felony" definition of the ACCA is unconstitutionally vague, that means that the "crime of violence" definition in § U.S.S.G. 4B1.2(a) suffers the same fate.[1]

Sumler is wrong on the facts and the law. First, his sentence did not involve any crime-of-violence determinations. Sumler's Guidelines offense level was enhanced on the basis of his prior conviction for a "controlled substance offense" under U.S.S.G. § 2K2.1(a)(4)(A), and his possession a stolen firearm under U.S.S.G. § 2K2.1(b)(4). *See* PSR ¶¶ 16-17 (sealed). Second, even if Sumler had been sentenced on the basis of a crime-of-violence determination, the Supreme

---

[1] Sumler thus attempts to take advantage of 28 U.S.C. § 2255(f)(3), which allows a criminal defendant to file a habeas petition within one year after "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Johnson* was decided on June 26, 2015, and Sumler placed his habeas petition in the mail to be filed with this Court on June 24, 2016.

2

Court has recently held that the advisory Sentencing Guidelines are not subject to vagueness challenges under the Due Process Clause. *Beckles v. United States*, 137 S. Ct. 886, 890 (2017).

**III. Conclusion**

For the reasons stated above, the § 2255 motion is due to be denied. Additionally, to the extent this dismissal necessitates a ruling on the certificate of appealability issue, one will not be issued by this Court. This Court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable and wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). Sumler's claims do not satisfy either standard. Accordingly, insofar as an application for a certificate of appealability is implicit in Sumler's motion, it is due to be denied.

A separate closing order will be entered.

**DONE** AND **ORDERED** ON MAY 8, 2017.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704